UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| STEPHON SAMUEL,<br>    Plaintiff, | )<br>)<br>)<br>) | |
| | ) | **CIVIL ACTION** |
| v. | ) | No. 22-10571-AK |
| | ) | |
| JOSEPH D. MCDONALD, et al.,<br>    Defendants. | )<br>)<br>) | |

MEMORANDUM AND ORDER

A. KELLEY, D.J.                                                                                                       July 28, 2022

For the reasons stated below the Court grants plaintiff's motion for leave to proceed *in forma pauperis* and denies without prejudice his motion to appoint counsel. If plaintiff wishes to proceed with this action, the Court grants him leave to file an amended complaint that sets forth a plausible claim upon which relief may be granted.

**I.      Background**

On April 18, 2022, Stephon Samuel, a pretrial detainee[1] in custody at the Plymouth County Correctional Facility ("PCCF"), filed a *pro se* complaint using a model form for prisoner civil rights cases. [ECF No. 1]. With the complaint, Samuel filed an application to proceed in district court without prepaying fees or costs (also referred to as a motion for leave to proceed *in forma pauperis*). [ECF No. 2]. The motion for leave to proceed *in forma pauperis* is accompanied by a copy of Samuel's inmate account statement. [ECF No. 2-1]. On June 6, 2022, Samuel filed a motion to appoint counsel. [ECF No. 4].

---

[1] Samuel indicates that he is a pretrial detainee. [ECF No. 1 at ¶ III].

The body of the complaint names as defendants (1) Joseph D. McDonald, Jr., Plymouth County Sheriff; (2) Antone Moniz, PCCF Superintendent; (3) Ralph Mattarello, PCCF Assistant Superintendent; and (4) Captain Tullish. [ECF No. 1 at ¶ I (B)]. Samuel checked the box indicating "federal question" jurisdiction under 42 U.S.C. § 1983 and states that he brings this action for the "violation of [the] Eig[h]th Amendment. [Id. at ¶ II(B)]. For the statement of the claim, Samuel alleges that he "was put on full restraints for over 4 months an[d] counting." [Id. at ¶ III (D)]. Samuel states that he "could not work out, [he] gained a huge amount of weight, [his] hygiene could not be tend[ed] to [and that his] mental health was put to the test [because] he was getting very depressed." [Id.]. Samuel alleges that he injured his shoulder "when trying to do exercise routines." [Id. at ¶ V]. Samuel complains that he did not receive any treatment, other than x-rays, for his shoulder injury." [Id]. Samuel includes additional allegations in 4 handwritten pages that accompany the form complaint. [Id. at p. 12 – 15].

For relief, Samuel seeks compensatory and punitive damages for physical and emotional injuries as well as removal of "full restraints/cuffs." [Id. at ¶ VI]. Samuel includes with his complaint an affidavit as well as copies of documents from Samuel's grievance, staff response, and subsequent appeal. [ECF Nos. 1-1, 1-2].

## II. Pending Motions

Plaintiff's motion for leave to proceed *in forma pauperis* is allowed. Pursuant to 28 U.S.C. § 1915(b)(2), plaintiff is obligated to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account until the statutory filing fee has been paid in full. The Clerk shall send a notice for payment to the Treasurer's Office.

Plaintiff's motion to appoint counsel is denied without prejudice. Under 28 U.S.C. § 1915(e)(1), the court "may request an attorney to represent any person unable to afford counsel."

28 U.S.C. § 1915(e)(1).  However, a civil plaintiff lacks a constitutional right to free counsel.  Desrosiers v. Moran, 949 F.2d 15, 23 (1st Cir.1991).  At this early stage of the proceedings, and because the complaint fails to state a claim upon which relief may be granted, plaintiff's motion for appointment of counsel is denied, without prejudice.   Samuel, his family, or friends may wish to contact a legal services organization or local bar association referral service to inquire about whether an attorney would be willing to represent Samuel.  The contact information for such legal organizations is as follows: (1) The Massachusetts Bar Association's Lawyer Referral Service, (617) 654-0400 or (866) 627-7577; and (2) Prisoners' Legal Services of Massachusetts, 10 Winthrop Square, Boston, MA  02210.  County prisoners can call collect to (617) 482-4123.

### III.     Screening of the Complaint

When a plaintiff seeks to file a complaint without prepayment of the filing fee, summonses do not issue until the Court reviews the complaint and determines that it satisfies the substantive requirements of 28 U.S.C. § 1915.  Similarly, under 28 U.S.C. § 1915A, prisoner complaints in civil actions that seek redress from a governmental entity or officers or employees of a governmental entity are also subject to screening.  Both § 1915 and § 1915A authorize federal courts to dismiss a complaint *sua sponte* if the claims therein lack an arguable basis in law or in fact, fail to state a claim on which relief may be granted, or seek monetary relief against a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(b).  Because Samuel is proceeding pro se, the Court will construe his complaint generously.  See Haines v. Kerner, 404 U.S. 519, 520 (1972); Rodi v. New Eng. Sch. of Law, 389 F.3d 5, 13 (1st Cir. 2004).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and "'give [each] defendant fair notice of

what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957).  "In other words, the complaint must include enough detail to provide a defendant with fair notice of what the... claim is and the grounds upon which it rests." Diaz v. Drew, 325 F.R.D. 524, 527 (D. Mass. 2017) (quoting Silverstrand Invs. v. AMAG Pharms., Inc., 707 F.3d 95, 101 (1st Cir. 2013)) (internal quotation marks omitted); see also Educadores Puertorriquenos en Accion v. Hernandez, 367 F.3d 61, 68 (1st Cir. 2004) ("[T]he complaint should at least set forth minimal facts as to who did what to whom, when, where, and why although why, when why means the actor's state of mind, can be averred generally.").  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 555.  While factual allegations are accepted as true, legal conclusions are not.  Id.

**IV.     Discussion**

"42 U.S.C. § 1983 ... furnishes a cause of action against any person who, while acting under color of state law, transgresses someone else's constitutional rights." Alfano v. Lynch, 847 F.3d 71, 74 n.1 (1st Cir. 2017) (citing Kalina v. Fletcher, 522 U.S. 118, 123 (1997)).  Plaintiff alleges that the conditions of his confinement violate the Eighth Amendment to the federal Constitution, the Supreme Court and the First Circuit have made plain that the Due Process Clause of the Fourteenth Amendment provides the correct framework for analyzing claims brought by pretrial detainees.  See Ruiz-Rosa v. Rullan, 485 F.3d 150, 155 (1st Cir. 2007) ("Because [plaintiff] was a pretrial detainee rather than a convicted inmate, the Fourteenth Amendment governs his claim."); see also Bell v. Wolfish, 441 U.S. 520, 537 (1979) (same).  When determining whether a pretrial detainee's conditions of confinement violate his due

4

process rights the "proper inquiry is whether those conditions amount to punishment of the detainee." Wolfish, 441 U.S. at 535. In Wolfish, the United States Supreme Court held that:

> A court must decide whether the disability is imposed for the purpose of punishment or whether it is but an incident of some other legitimate governmental purpose. Absent a showing of an expressed intent to punish on the part of detention facility officials, that determination generally will turn on 'whether an alternative purpose to which [the restriction] may rationally be connected is assignable for it, and whether it appears excessive in relation to the alternative purpose assigned [to it].'

Id. at 538-539 (quoting Kennedy v. Mendoza-Martinez, 372 U.S. 144, 168-69 (1963)) (internal citations omitted).

"It is well-established that 'only those individuals who participated in the conduct that deprived the plaintiff of his rights can be held liable.'" Velez-Rivera v. Agosto-Alicea, 437 F.3d 146, 156 (1st Cir. 2006) (quoting Cepero-Rivera v. Fagundo, 414 F.3d 124, 129 (1st Cir. 2005)). "In § 1983 cases, 'supervisors are not automatically liable for the misconduct of those under their command. A plaintiff must show an affirmative link between the subordinate officer and the supervisor, whether through direct participation or through conduct that amounts to condonation or tacit authorization.' " Id. (quoting Carmona v. Toledo, 215 F.3d 124, 132 (1st Cir. 2000)); see also Iqbal, 556 U.S. at 676 (2009) ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior."). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 556 U.S. at 678-79;

To the extent Samuel seeks official capacity monetary damages from the defendants, these claims are subject to dismissal. Commonwealth defendants sued in their official capacities are immune from suit under the Eleventh Amendment. See Caisse v. DuBois, 346 F.3d 213, 218

(1st Cir. 2003); 28 U.S.C. § 1915A(a)(2).[2] The only defendant sued in his individual capacity is Captain Tullish. See Haidak v. Univ. of Massachusetts-Amherst, 933 F.3d 56, 76 (1st Cir. 2019) ("The Eleventh Amendment does not bar suits for damages against state officials sued in their individual capacities, though such officials are usually protected by common-law immunity."). However, the complaint fails to clearly identify how defendant Tullish is alleged to have violated Samuel's constitutional rights.

Although Samuel is proceeding pro se and his complaint is understandable, the complaint fails to clearly identify the claims and relief he seeks as to each defendant. The complaint identifies four defendants. The only defendant referenced in the body of the complaint is the "Assistant Superintendent" and not by name.

## V.     Filing of an Amended Complaint

Despite the deficiencies identified in the complaint, leave to amend must be liberally granted when justice so requires. Fed. R. Civ. P. 15(a). Therefore, if Samuel wishes to proceed, he may file an amended complaint that clearly alleges, as required to state a colorable claim under 42 U.S.C. 1983, how each defendant violated Samuel's identified constitutional rights. Any amended complaint—a new stand-alone document—must set forth plausible claims upon which relief can be granted. Any amended complaint should, in numbered paragraphs, focus on the legal claims against each defendant, along with the factual basis for such claims. He should identify separately each cause of action against each defendant and the grounds therefore.

---

[2] In addition to Eleventh Amendment sovereign immunity, "[n]o cause of action for damages is stated under 42 U.S.C. § 1983 against a state, its agency, or its officials acting in an official capacity." Nieves-Marquez v. Puerto Rico, 353 F.3d 108, 124 (1st Cir. 2003) (citing Will v. Michigan Dep't. of State Police, 491 U.S. 58, 71, 109 (1989)).

As an amended complaint completely replaces the original complaint, see <u>Brait Builders Corp. v. Massachusetts, Div. of Capital Asset Mgt.</u>, 644 F.3d 5, 9 (1st Cir. 2011), Samuel should repeat in the amended complaint any allegations in the original complaint that he wishes to be part of the operative complaint.  If an amended complaint is filed, it will be further screened.

**VI.   Order**

For the foregoing reasons, it is hereby ORDERED

1.   The motion for leave to proceed *in forma pauperis* [ECF No. 2] is granted. Pursuant to 28 U.S.C. § 1915(b)(2), plaintiff is obligated to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account until the statutory filing fee has been paid in full.  The Clerk shall send a notice for payment to the Treasurer's Office at the Plymouth County Correctional Facility.

2.   The motion to appoint counsel [ECF No. 4] is denied without prejudice.

3.   If Samuel chooses to proceed with this action, he shall, within 42 days of the date of this Memorandum and Order, file an amended complaint that cures the pleading deficiencies of the original complaint.  Failure to comply with these directives within forty-two (42) days of the date of this Memorandum and Order will result in dismissal of this action.

SO ORDERED.

                                               /s/ Angel Kelley  
                                              UNITED STATES DISTRICT JUDGE